IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH B. COSTER, III                         2001 AUG 16  A 11: 26

v.                                                            Civil Action WMN-00-3261

HONESDALE LINCOLN MERCURY, INC.                      DEPUTY
    et al.                                  :

**MEMORANDUM**

In the instant Complaint, Plaintiff alleges that the odometer reading on the vehicle he purchased from or through Defendants had been falsified.  Defendant Manheim Auto Auction (Manheim) is an auto auction company.  At Plaintiff's instruction, Defendant Honesdale Lincoln Mercury, Inc. (Honesdale) purchased the vehicle in question at auction, and then sold it to Plaintiff.  Defendant Larry Walsh is an employee of Honesdale.  The Complaint contains a single count, a violation of 49 U.S.C. § 32710(a) - Odometer Fraud.

Now before the Court are motions to dismiss filed by Defendants Honesdale and Walsh, Paper No. 9, and by Defendant Manheim, Paper No. 10.  Defendants Honesdale and Walsh argue that: 1) this Court lacks subject matter jurisdiction over the Complaint, 2) this Court lacks personal jurisdiction over the Defendants, and 3) that the Complaint fails to state a claim upon which relief can be granted.  Defendant Manheim raised only a challenge to the merits of the Complaint.  Plaintiff opposed both motions but also requests that, should the Court conclude that it lacks personal jurisdiction over Defendants, that it transfer

this action to the United States District Court for the Eastern
District of Pennsylvania.   Paper No. 15.

Defendants Honesdale and Walsh premise their lack of subject
matter jurisdiction argument on the fact that the damages claimed
are less than the jurisdictional amount for diversity
jurisdiction under 28 U.S.C. § 1332.   The Court's jurisdiction
over this action, however, is based on the federal question
presented, not diversity jurisdiction.   The Complaint attempts to
state a claim under 49 U.S.C. § 32710(b).   In their reply,
Defendants Honesdale and Walsh concede that there is subject
matter jurisdiction.

In challenging personal jurisdiction, Defendants Honesdale
and Walsh submitted an affidavit of Mr. Walsh stating that he
lives and is employed in Pennsylvania and that Honesdale's sole
place of business is in Pennsylvania and it conducts no business
in Maryland.   Plaintiff has offered no response, whatsoever, on
the issue personal jurisdiction.   From that complete lack of
response, and from Plaintiff's alternative request that the Court
transfer this action, the Court concludes that Plaintiff is
essentially conceding this point.   Thus, finding no grounds for
asserting personal jurisdiction over Defendants Walsh or
Honesdale, the Court will transfer this action to the Eastern
District of Pennsylvania.[1]

_____

[1] 28 U.S.C. § 1631 allows a court, where "it is in the
interest of justice," to transfer, instead of dismiss an action

Before transferring, however, the Court will address Defendant Manheim's motion to dismiss for failure to state a claim.²  In its motion, Manheim argues that, as an automobile auction company, it never had title to the vehicle in question. Thus, Manheim cannot be held liable as a "transferor" under the federal Odometer Act.  See <u>Industrial Indem. v. Arena Auto Auction</u>, 638 F. Supp. 1030, 1033 (D. Minn. 1986)(holding that where automobile auctioneer which never had title to the vehicle could not be liable under the federal Odometer Act).  Manheim also argues that it made no representations with respect to the odometer reading and therefore, it cannot be held liable.  In addition, the Auction Sale Form and Odometer Disclosure Statement related to the sale of the vehicle in question stated, "[MANHEIM] ASSUMES NO RESPONSIBILITY NOR GUARANTEES THE ACCURACY OF THE ODOMETER READING."  See Exh. A, Motion to Dismiss.

Plaintiff also offers no response, whatsoever, to Manheim's motion to dismiss.  Accordingly, Manheim will be dismissed from this action.  A separate order will issue.

William M. Nickerson
United States District Judge

Dated: August 16, 2001.

---

where there is a lack of jurisdiction over the defendant.

² Defendant Manheim did not challenge this Court's personal jurisdiction over it and therefore, has waived that defense.